## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **MARJORIE A. CREAMER,** | ) |
| **Plaintiff,** | ) |
| vs. | ) Case No. 16-2486-JAR-TJJ |
| **KATHLEEN FISCHER, et al.,** | ) |
| **Defendants.** | ) |

### MEMORANDUM AND ORDER

Plaintiff Marjorie A. Creamer filed this *pro se* action against Kathleen Fischer, alleging that Fischer discriminated against her because of her disability and intentionally or negligently allowed her dog to attack Plaintiff. Plaintiff also includes Don Bowman and Fischer Well Service as additional defendants, but her Complaint alleges no factual allegations or claims against them. Plaintiff seeks leave to proceed *in forma pauperis* (Doc. 3). On July 19, 2016, Magistrate Judge Teresa J. James entered a Report and Recommendation that this Court deny Plaintiff's motion to proceed *in forma pauperis* and dismiss Plaintiff's Complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) for lack of subject matter jurisdiction and for failure to state a plausible claim (Doc. 4). Plaintiff timely filed a "Motion for Reconsideration" of the Report and Recommendation, which the Court construes as an objection thereto (Doc. 5).

This Court has reviewed Judge James's analysis on the issues and agrees with the proposed disposition of Plaintiff's Complaint. First, Plaintiff acknowledges that she previously filed this action in Case No. 14-cv-4107-JAR, which this Court dismissed without prejudice for

lack of subject matter jurisdiction.[1]  Judge James accurately notes that in this action, while Plaintiff provides a mailing address of a post office box in Missouri, she provides a home street address in Smith Center, Kansas.  Consequently, it appears that both Plaintiff and Defendants are all citizens of the state of Kansas and there is no subject matter jurisdiction for this action on the basis of diversity of citizenship.  Plaintiff does not address this issue in her objection.

Next, Judge James accurately characterizes Plaintiff's other two grounds for jurisdiction as lacking.  First, K.S.A. 21-6301 is a provision in the Kansas state criminal code regarding criminal use of weapons, and does not provide a basis for federal court jurisdiction.  Plaintiff does not address this issue in her objection.

Second, Plaintiff's purported claim under the Americans with Disabilities Act ("ADA") lack a sufficient factual basis to raise a right to relief above the speculative level.  As Judge James set forth in the Report and Recommendation, the ADA applies only to (1) employment claims against private sector employees with fifteen or more employees, employment agencies, labor organizations, joint labor-management committees, or Congress; (2) public services and public transportation by public entities claims against state and local government and their agencies; (3) public accommodations claims against places of public accommodation and private businesses providing public transportation; and (4) telephone and television claims against common carriers.[2]  In her objection, Plaintiff maintains that Fischer discriminated against Plaintiff by assaulting her.  But Fischer is a private actor and thus not subject to an ADA claim of discrimination.  Plaintiff further claims in her objection that the Hays Police Department

---

[1]*See* Case No. 14-4107-JAR, Doc. 46.

[2]Doc. 4 at 4 (citing ADA Title I, II, III and IV).

("HPD") discriminated against her by failing to arrest Fischer; however, neither the HPD nor the City of Hays is named as a defendant in Plaintiff's Complaint.

This Court agrees with Judge James's conclusion that Plaintiff has failed to establish diversity jurisdiction and failed to state a claim upon which relief may be granted as to her state statutory and federal question claims against Defendants.  Plaintiff's Complaint must contain a plausible claim, and in this case, it falls far short and dismissal is warranted under § 1915(e)(2)(B)(ii).

**IT IS THEREFORE ORDERED BY THE COURT** that the Court adopts the Report and Recommendation filed July 19, 2016 (Doc. 4).  Plaintiff's Motion to Proceed *in forma pauperis* (Doc. 3) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's ADA and K.S.A. 21-6303 claims are **dismissed** for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii); Plaintiff's negligence claim is **dismissed without prejudice** for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

Dated: July 29, 2016

 S/ Julie A. Robinson

JULIE A. ROBINSON

UNITED STATES DISTRICT JUDGE

3